**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Crisoforo DonJuan German,

Petitioner,

v.

Todd M. Lyons, et al.,

Respondents.

No. CV-26-02823-PHX-DWL (ASB)

**REPORT AND RECOMMENDATION**

**TO THE HONORABLE DOMINIC W. LANZA, UNITED STATES DISTRICT JUDGE:**

Recently, the Court issued an Order to Show Cause as to Petitioner. (Doc. 14.) Specifically, the Court directed Petitioner to show cause for failure to serve Respondents Rokosky and Courchaine within 10 days or the matter could be dismissed. (*Id.*) Petitioner did not file any response to that Order, and this Report and Recommendation follows.

## I. BACKGROUND

Petitioner, through counsel, initiated the instant action on April 22, 2026 by filing Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody (Doc. 1)[1]. Petitioner also filed a Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2). This Court denied Petitioner's Motion (Doc. 2) without prejudice and ordered Petitioner's counsel to "immediately serve the Petition (Doc. 1) upon

[1] Citation to the record indicates documents as they are displayed in the District of Arizona's official Court electronic document filing system under Case No. CV-26-02823-PHX-DWL (ASB), unless otherwise indicated.

Respondents." (Doc. 5.) Petitioner named six Respondents in his Petition: Todd M. Lyons, interim Director of Phoenix Office of Detention and Removal, U.S. Immigration and Customs Enforcement ("ICE"); Todd M. Lyons, Acting Director, ICE; Markwayne Mullin, Secretary of the United States Department of Homeland Security ("DHS"); Todd Blanche, Acting Attorney General of the United States; Eric Rokosky, Warden of the Eloy Detention Center; and Timothy Courchaine, United States Attorney for the District of Arizona. (Doc. 1.) Summons were issued as to each of these Respondents. (*See* Docs. 6, 9.) Petitioner provided proof of service as to only the following Respondents: Todd M. Lyons, interim Director of Phoenix Office of Detention and Removal, ICE; Todd M. Lyons, Acting Director, ICE; Markwayne Mullin; and Todd Blanche. (*See* Docs. 10-13.) Petitioner provided no proof of service as to Respondent Eric Rokosky or Respondent Timothy Courchaine.

On July 23, 2026, the Court issued an Order to Show Cause ("OSC") for failure to timely serve Respondents Rokosky and Courchaine under Rule 4(m) of the Federal Rules of Civil Procedure. (Doc. 14.) The docket in this matter reflects that Petitioner filed nothing in response to that Order. No indication of service being executed on either of those two Respondents appears on the docket after those docket entries. Against that backdrop, undersigned addresses Petitioner's failure to serve.

## II. ANALYSIS

### A. Applicable Law

In this action, Rule 4 of the Federal Rules of Civil Procedure ("FRCP") governs the time limit for service of a complaint. That Rule provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Thus, the question before the Court is whether Petitioner has shown good cause for the failure to timely serve Respondents Rokosky and Courchaine. If good cause is shown, time must be extended. *Id.*

In the Ninth Circuit, "[a]t a minimum, good cause means excusable neglect." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (brackets in original) (internal quotation marks and citations omitted). Negligence and ignorance of the Rules is not good cause. *See Townsel v. Contra Costa Cnty., Cal.*, 820 F.2d 319, 320-321 (9th Cir. 1987). When determining whether a party has shown good cause, the Court has broad discretion, and there is no specific test to apply. *In re Sheehan*, 253 F.3d at 513. However, the Court can consider whether a plaintiff has shown: "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Id.* at 512 (quoting *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)). The Court may also consider whether service was eventually effectuated. *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). The Rule 4 provisions should be given a liberal and flexible construction. *See Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984). Public policy favors resolution of matters on their merits. *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). However, the Court's discretion under Rule 4(m) is not "limitless." *Efaw*, 473 F.3d at 1041.

Pursuant Fed. R. Civ. P. 4(i)(2), "[t]o serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." "[I]n order to properly serve the United States or its agencies, corporations, or officers, a plaintiff must deliver a copy of the summons and the complaint to the U.S. Attorney's Office for the district in which the action is brought, as well as to the Attorney General of the United States." *McMasters v. United States*, 260 F.3d 814, 817 (7th Cir. 2001) (citing Rule 4(i)).

**B. Analysis**

Here, Petitioner has not responded to the Court's Order to Show Cause, and Petitioner has not served Respondents Rokosky or Courchaine as instructed by the Court's Screening Order. Arguably, the Court's inquiry could end there. In order to provide a more complete analysis for the District Judge, however, undersigned will analyze the above factors.

After carefully considering the record and the applicable case law, undersigned cannot conclude good cause for failure to serve has been shown. First, there is no indication from the docket that Respondents Rokosky or Courchaine have actual notice of the action.[2] Regarding prejudice to Respondents, undersigned notes that this case has been pending several months and there is no indication on the record that service is forthcoming, as Petitioner's counsel has taken no action in this matter since May 4, 2026.[3] (*See* Docs. 10-13.) Furthermore, a lack of service creates a rebuttable presumption of prejudice to defendant. *See In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994).

In regard to prejudice to Petitioner, undersigned cannot find Petitioner would be severely prejudiced by dismissal[4], as no such prejudice has been articulated by Petitioner. Additionally, there does not appear to be any statute of limitations considerations in the instant habeas petition. *See Raniere v. Garland*, 644 F. Supp. 3d 554, 559 (D. Ariz. 2022) (finding no apparent statute of limitations issue in a civil rights action favored dismissal for failure to serve). In recommending dismissal for lack of service, undersigned recognizes public policy favors resolution on the merits. However, Petitioner has failed to show good cause, much less argue that good cause even exists. Furthermore, it appears that Petitioner has fully abandoned this action and instead pursued relief in a separate action in this Court. (*See* 2:26-cv-04914-DWL.)

Because all Respondents are officers or agencies of the Unites States government, Petitioner must deliver a copy of the summons and complaint to the U.S. Attorney's Office for the district in which the action is brought in order to properly serve the officers or agencies. *See McMasters*, 260 F.3d at 817. Accordingly, Petitioner's failure to serve

---

[2] As identified in this Court's OSC (Doc. 14), given the Court's clear directive to Petitioner's counsel regarding service, the courtesy emails transmitted by the Clerk of Court do not alter the Court's conclusion. (*See* Doc. 5.)

[3] Undersigned also notes that it appears counsel for Petitioner has initiated a separate action on July 14, 2026, in this Court raising identical claims. (*Compare* Doc. 1 *with* Doc. 1, 2:26-cv-04914-DWL.) In that matter, this Court effectuated service on Respondents in compliance with General Order 26-09, established in the District of Arizona on June 15, 2026. (*See* Doc. 7, 2:26-cv-04914-DWL.) The Court granted Petitioner's request for a bond hearing in 2:26-cv-04914-DWL and closed the case. (*See* Doc. 11, 2:26-cv-04914-DWL.)

[4] Again, it appears Petitioner's requested relief has been resolved by this Court in 2:26-cv-04914-DWL. (*See* Doc. 11, 2:26-cv-04914-DWL.)

Respondent Courchaine, United States Attorney for the District of Arizona, means Petitioner failed to properly serve all Respondents in accordance with Rule 4(i). *See Cooper v. Washington*, No. 22-1-CV-01847-ART-DJA, 2022 WL 7686630, at *2-3 (D. Nev. Oct. 13, 2022) (finding, in part, that failure serve the United States Attorney for the district in which the action was brought meant plaintiff had not substantially complied with Rule 4(i) and thus dismissed the action despite plaintiff serving the agent of the U.S. government). Consequently, on the record before it, undersigned will recommend to the District Judge that this action be dismissed without prejudice for lack of service as to all Respondents. Fed. R. Civ. P. 4(m).

Finally, undersigned notes that dismissal may be appropriate for failure to comply with the Court's Orders. Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a district court may dismiss an action due to a plaintiff's failure to prosecute or to comply with court orders. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) (a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (1992) (a district court may dismiss an action for failure to comply with any order of the court).

## III. RECOMMENDATION

For the foregoing reasons,

**IT IS RECOMMENDED** that the Court find Plaintiff has failed to show good cause for failure to serve Respondents Rokosky and Courchaine, and enter an order dismissing the action without prejudice as to all Respondents for failure to comply with Rule 4(i) and Rule 4(m) of the Federal Rules of Civil Procedure.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response

to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 4th day of August, 2026.



Honorable Alison S. Bachus
United States Magistrate Judge